Case 1:07-cv-11360-PBS    Document 24-6    Filed 09/04/2008    Page 1 of 5

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAWN MACONE, Individually And On Behalf of All Other Persons Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>PONGRATZ ENTERPRISES, INC. and CHRISTOPHER PONGRATZ,<br><br>Defendants. | C. A. No. 1:07-cv-11360-PBS |

**ORDER AND JUDGMENT GRANTING
FINAL APPROVAL OF SETTLEMENT**

Plaintiff Dawn Macone and Defendants Christopher Pongratz and Pongratz Enterprises, Inc. have submitted their Amended Stipulation and Settlement Agreement (the "Settlement Agreement") to settle this Action, subject to the Court's approval. The Court granted preliminary approval of the settlement on May 30, 2008.

In accordance with the preliminary approval order and the Settlement Agreement, members of the Massachusetts Class have been given notice of the terms of the Settlement Agreement and an opportunity to object to or opt out of the settlement. No Massachusetts Class member has timely objected to or timely opted out of the settlement. The FLSA Plaintiffs have also been given notice of the terms of the Settlement Agreement and an opportunity to participate in the settlement. Thirty (30) of the thirty-nine (39) FLSA Plaintiffs (who are identified on Exhibit A hereto) have timely elected to participate in the settlement.

Having considered the proposed Settlement Agreement, the papers submitted by the parties in support of final approval of the settlement, and the arguments of counsel at the Final

Approval Hearing held on September 8, 2008, the Court hereby grants final approval of the settlement pursuant to Fed. R. Civ. P. 23(e) and enters judgment accordingly.

IT IS HEREBY ORDERED AND ADJUDGED THAT:

1. For the reasons set forth in the transcripts of the proceedings of the Preliminary Approval Hearing and the Final Approval Hearing, which are adopted and incorporated herein by reference, this Court finds that this settlement shall be approved pursuant to Fed. R. Civ. P. 23(e) and 29 U.S.C. § 216(b)(the "FLSA").

2. For purposes of settlement and final approval of this settlement, the Court hereby makes final its earlier provisional certification of the Massachusetts Class, defined as: All persons who worked for Pongratz Enterprises, Inc. as an Account Executive or Assistant Manager at a Massachusetts store location during the period July 25, 2004 through October 30, 2007 (the "Massachusetts Class").

3. For purposes of settlement and final approval of this settlement, this Court finds that this settlement shall be approved under the FLSA on behalf of all persons who worked for Pongratz Enterprises, Inc. as an Account Executive or Assistant Manager during the period October 30, 2004 through October 30, 2007, and who are not members of the Massachusetts Class (the "FLSA Plaintiffs").

4. The Notices fully and accurately informed the Massachusetts Class Members and FLSA Plaintiffs of all material elements of the proposed Settlement, informed Massachusetts Class Members of their opportunity to object to or opt out of the Settlement, and informed FLSA Plaintiffs of their opportunity to object to or participate in the Settlement. The Notices were the best notice practicable under the circumstances; were valid, due and sufficient notice to all such

persons; and complied fully with the Federal Rules of Civil Procedure, the FLSA, due process, and other applicable law. A full opportunity has been afforded to all such persons to participate in this hearing, [and all persons wishing to be heard who complied with the requirements of the Court's Preliminary Approval Order have been heard].

5. The Court has reviewed the Settlement Agreement and finds that it is fair, adequate, and reasonable when balanced against the possible outcome of further litigation relating to liability and damages and the difficulty and delays inherent in such litigation. The Court finds that extensive informal and formal discovery, investigation, and research have been conducted such that counsel for all Parties are able reasonably to evaluate their respective positions. The Court finds that the Settlement has been reached after intensive, serious, and non-collusive arm's-length negotiations as evidenced by, among other things, a day-long mediation with mediator Paul Holtzman, Esq.

6. The Court hereby grants final approval to the Settlement and finds it fair, reasonable, and adequate, and in the best interests of the Massachusetts Class and the FLSA Plaintiffs. Accordingly, the Court hereby directs that the Settlement be effected in accordance with the Settlement Agreement and the following terms and conditions.

7. All Massachusetts Class Members and FLSA Plaintiffs who negotiate the checks sent to them by the Settlement Administrator as Settlement Awards shall be deemed to have irrevocably released all the Released Claims described in the Settlement Agreement.

8. The Court finds that payment of additional compensation to the Plaintiff in the amount of $ 4,000 is fair and reasonable in light of the benefits she has provided to the

3

Massachusetts Class, the FLSA Plaintiffs and Plaintiff's Counsel. Payment of such amount to the Plaintiff is hereby ordered.

9. The Court awards to Plaintiff's Counsel attorneys' fees in the amount of $ 322,000 plus costs of $ 7,882, for all past and remaining work until completion of this matter. Such Awards, which are to be paid out of the Settlement Fund, are made in accordance with the terms of the Settlement, and are fair and reasonable under the circumstances. In ordering this award of attorneys' fees and costs, the Court has considered the following factors: (a) the contingent nature of this action; (b) the experience, reputation, and ability of Plaintiff's Counsel and the skill they displayed in this litigation; (c) the results achieved under the Settlement; and (d) the preclusion of other employment.

10. The Court orders that an amount not to exceed $ 10,000 be paid out of the Settlement Fund to the Settlement Administrator, Rust Consulting, Inc., to compensate it for providing Settlement Administration services, consistent with the terms of the Settlement and the notices provided to the Massachusetts Class and FLSA Plaintiffs.

11. In accordance with the Settlement Agreement, the funds represented by any checks for Settlement Awards sent to Massachusetts Class Members and FLSA Plaintiffs by the Settlement Administrator which have not been negotiated after one hundred twenty (120) days following the date on which they were issued shall be paid to the Employment Unit of Greater Boston Legal Services, 197 Friend Street, Boston, MA 02114, as a cy pres award. Such payment shall be made sixty (60) business days following the expiration of the 120-day period referred to in this paragraph.

4

12.     Without affecting the finality of this Final Order and Judgment, the Court reserves continuing and exclusive jurisdiction over the parties to the Settlement Agreement to administer, supervise, construe, and enforce the Settlement Agreement in accordance with its terms and the orders of this Court for the mutual benefit of the Parties. Having found that said Settlement is fair and reasonable, the Court, in the interest of justice, expressly directs the Clerk of the Court to enter this Final Order and Judgment, and hereby decrees that, upon entry, it be deemed a final judgment finally dismissing the Action subject to its terms.

Dated: 9/8, 2008

_____
The Honorable Patti B. Saris
United States District Judge